UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL DWAYNE MCKENZIE, JR., )
                                      )
      Petitioner, )
                                      )
v. ) No. 2:19-CV-00211-JRG-CRW
                                      )
UNITED STATES OF AMERICA, )
                                      )
     Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Michael Dwayne McKenzie, Jr.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1], Mr. McKenzie's Memorandum of Law [Doc. 1-2], Mr. McKenzie's Second Memorandum of Law [Doc. 10],[1] the United States' Response [Doc. 6], and Mr. McKenzie's Reply [Doc. 7]. For the reasons herein, the Court will deny Mr. McKenzie's motion.

### I. BACKGROUND

In 2019, Mr. McKenzie pleaded guilty to conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). [Plea Agreement, Doc. 56, at 1, 2:19-CR-00016-5-JRG-CRW; Minute Entry, Doc. 62, 2:19-CR-00016-5-JRG-CRW]. At sentencing, Mr. McKenzie's total offense level and criminal history category were 27 and IV, respectively. [Statement of Reasons, Doc. 228, at 1, 2:19-CR-00016-5-JRG-CRW]. Under § 841(b)(1)(A), he was subject to a mandatory minimum sentence of 120 months' imprisonment, and his guidelines range was 120 months to 125 months.

---

[1] Mr. McKenzie's second memorandum appears to be a facsimile of his first memorandum.

[*Id.*]. The Court sentenced him to a guidelines-range sentence of 120 months. [J., Doc. 119, a 2, 2:19-CR-00016-5-JRG-CRW].

Mr. McKenzie has now filed a timely motion under 28 U.S.C. § 2255, in which he claims that his attorney rendered ineffective assistance of counsel. The United States opposes his motion. Having carefully considered Mr. McKenzie's claims and the parties' arguments, the Court is now prepared to rule on them.

## II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an

error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing she is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," she will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring

3

to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III. ANALYSIS

Mr. McKenzie raises two claims of ineffective assistance of counsel, and in both claims, he implicates his attorney's conduct in relation to his plea agreement. First, he alleges that his attorney was ineffective because he advised him to plead guilty to a drug quantity of fifty grams of methamphetamine when the correct drug quantity was less than five grams. [Pet'r's Mem. at 3–5]. Second, he pleads that his attorney was ineffective because he advised him to plead guilty even though he was actually innocent. [*Id.* at 5–6]. In response, the United States contends that Mr. McKenzie's guilty plea forecloses his claims. [United States' Resp. at 5–7].

#### A. Ineffective Assistance of Counsel

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). When a petitioner contests his sentence by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). To establish deficient performance, a petitioner must show that his counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687. And to establish prejudice, a petitioner must demonstrate that his counsel's deficient performance was so serious that it deprived him of his fundamental right to due process, *id.*, or in other words, "that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different," *id.* at 694.[2] A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either prong of this test, his claim of ineffective assistance of counsel fails. *Id.* at 697.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted). Indeed, "[c]ounsel's performance is strongly presumed to be effective." *Jones v. Bell*, 801 F.3d 556, 562 (6th Cir. 2015) (quotation omitted); *see Thelen v. United States*, 131 F. App'x 61, 63 (6th Cir. 2005) ("A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so 'thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" (quoting *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996))); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (citation omitted)). Even if a particular aspect of counsel's performance proves to be deficient, that deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Strickland*, 466 U.S. at 691 (citation omitted).

*Strickland*'s two-pronged test applies to challenges of guilty pleas based on a claim of ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), though to establish the second prong of prejudice in the context of a guilty plea, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

---

[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

5

would have insisted on going to trial," *id.* at 59 (footnote omitted).³ Oftentimes, though, federal courts reject claims of ineffective assistance of counsel related to a defendant's guilty plea when that guilty plea is knowing and voluntary. *See, e.g.*, *Winans v. United States*, No. 17-1535, 2017 WL 8315838, at *3 (6th Cir. Oct. 20, 2017) ("This ineffective-assistance claim, similar to the preceding ineffective-assistance claim, is foreclosed by [the petitioner's] knowing and voluntary guilty plea[.]"). Indeed, the general rule is that "a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction,'" *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008), because "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas," *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

In this case, Mr. McKenzie—while under oath—attested during his plea colloquy that he had read his plea agreement, that it was true and correct, that he understood he was pleading guilty to a conspiracy involving fifty grams of methamphetamine, and that he was offering to plead guilty because he was in fact guilty. He also stated that no one had put pressure on him mentally or physically to force him to plead guilty. The Court therefore concluded that he had knowingly and voluntarily offered to plead guilty. Mr. McKenzie's "[s]olemn declarations in open court carry a strong presumption of verity," and his declarations, as well as the Court's findings, "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), *see Marks v. Davis*, 504 F. App'x 383, 386 (6th Cir. 2012) (acknowledging "the plea transcript itself carries great weight" (citing *id.*)); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (stating that "where the court has scrupulously followed

---

³ Mr. McKenzie does not allege that, but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial.

the required procedure [during a plea colloquy], 'the defendant is bound by his statements in response to that court's inquiry'" (quotation omitted)).

So when a petitioner, like Mr. McKenzie, later doubles back on sworn statements that he made in open court, he generally cannot succeed on a claim of ineffective assistance of counsel. *See, e.g.*, *Winans*, 2017 WL 8315838 at *3 ("This ineffective-assistance claim, similar to the preceding ineffective-assistance claim, is foreclosed by [petitioner's] knowing and voluntary guilty plea[.]"); *Brittian v. United States*, Nos. 1:08–cv–169, 1:04–cr–150, 2011 WL 1768864, at *9 (E.D. Tenn. May 9, 2011) ("[The petitioner's] plea was knowing and voluntary and his ineffective assistance of counsel claim regarding his plea fails."); *Cordell v. United States*, Nos. 4:05-cv-47, 4:00-cr-13-01, 2008 WL 4568076, at *9 (E.D. Tenn. Oct. 14, 2008) ("[T]he ineffective assistance of counsel claim fails because [petitioner's plea was] knowing and voluntary[.]"); *see also Villa-Rodriguez v. United States*, No. 2:15-cv-02690, 2016 WL 6277861, at *4, 6 (S.D. Ohio Oct. 27, 2016) ("Petitioner asserts that his trial attorney performed in a constitutionally ineffective manner because he failed to advise him that the government lacked a factual basis for his guilty plea . . . . The record belies this assertion. . . . Based on this record, Petitioner will not now be heard to deny the facts to which he once agreed under oath."); *Dallas v. United States*, Civ. No. 12-15495, Crim. No. 10-20488, 2013 WL 3448249, at *4 (E.D. Mich. July 9, 2013) ("Petitioner's ineffective assistance claim must fail because his attorney's assistance regarding his plea . . . is not objectively unreasonable given the evidentiary basis for his guilty plea."); *Harrison v. Bauman*, No. 2:10–cv–188, 2012 WL 3206044, at *2 (W.D. Mich. Aug. 7, 2012) ("The Sixth Amendment claim of ineffective assistance of counsel is properly denied. [The petitioner] entered a knowing and voluntary plea of guilty[.]").

In short, Mr. McKenzie is bound by his sworn statements during his plea colloquy—which he does not contest as unknowing or involuntary here on collateral review—and he makes no argument as to why the Court should now permit him to disavow them. Because the record shows that his guilty plea was knowing and voluntary, and because he provides the Court with no viable basis to conclude otherwise, he cannot now seek to vacate his conviction by claiming that events prior to his guilty plea were blighted with the specter of unconstitutional conduct. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that [may have] occurred prior to the entry of the guilty plea."). Mr. McKenzie therefore fails to demonstrate that he is entitled to the extraordinary remedy of § 2255 relief.

### B. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability, which is necessary for Mr. McKenzie to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. McKenzie's claims, the Court does not conclude that reasonable jurists would find that its rejection of his claims is debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. McKenzie.

## IV. CONCLUSION

As the petitioner under § 2255, Mr. McKenzie fails to satisfy his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1] is therefore **DENIED**, and this case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
